Lawrence Spasojevich (LS 0945)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email:  ls@aidalalaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JUAN ILAGORRE,

                CASE NO. 2:22-cv-3107

       Plaintiff,   **COMPLAINT**

-against-

LT BURGER INC.

                ECF Case,

      Defendant.

---

Plaintiff, JUAN ILAGORRE, on behalf of Plaintiff, by and through the undersigned attorneys, Lawrence Spasojevich, Esq. hereby files this Complaint against Defendant LT BURGER INC. and states as follows:

**INTRODUCTION**

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff is entitled to recover from Defendant: (1) unpaid wages at the overtime wage rate; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), Plaintiff is entitled to recover from the Defendant: (1) unpaid wages at the overtime wage rate; (2) lost wages; (3) statutory penalties; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

3. Finally, Plaintiff alleges that he was wrongfully terminated pursuant to NYLL § 215 *et. seq.* for asserting his right to paid sick leave under NYLL § 196-b and, therefore, is entitled to recover from Defendant: (1) lost wages; (2) front pay; (3) liquidated damages; (4) attorneys' fees and costs; (5) prejudgment and post-judgment interest; and, (6) any award this Court deems fair and proper.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367.

5. Plaintiff placed the Attorney General of the State of New York on notice of his NYLL §215(2) claims. Annexed hereto as Exhibit "A" is a copy of the correspondence to the Attorney General of the State of New York.

6. Venue is proper in the EASTERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

7. Plaintiff, JUAN ILAGORRE, is an adult resident of Suffolk County, New York.

8. Upon information and belief, Defendant, LT BURGER INC., is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 62 Main St., Sag Harbor, NY 11963.

9. At all relevant times, Defendant, LT Burger Inc., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant.

11. At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff the overtime wage rate for all hours worked over forty (40) hours in a workweek in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

*Facts Relating to Plaintiff's Overtime Claim*

12. Upon Plaintiff's recall and recollection, Defendant hired Plaintiff as a line cook in 2011.

13. Upon Plaintiff's recall and recollection, beginning in March 2019, Plaintiff assumed the role and responsibilities of a Chef, yet retained the same hourly wage of twenty-five dollars ($25.00) per hour.

14. Upon Plaintiff's recall and recollection, after Plaintiff's complaints of taking on more responsibility for the same pay, Defendant began paying Plaintiff three-hundred dollars ($300.00) per week via a separate check beginning the week of November 11, 2019.

15. Therefore, Plaintiff's regular rate had increased.

16. Three hundred dollars ($300.00) divided by forty (40) hours of work, equals seven dollars and fifty cents ($7.50) per hour.

17. Thus, Plaintiff's new regular rate was thirty-two dollars and fifty cents ($32.50) per hour.

18. Upon Plaintiff's recall and recollection, during the relevant period, November 11, 2019, through May 2, 2022, Plaintiff regularly worked six days per week.

19.     Upon Plaintiff's recall and recollection, Plaintiff's hours per day fluctuated depending on whether it was the busy season (May through August) or the off-season (September through April).

20.     Upon Plaintiff's recall and recollection, during the busy season, Plaintiff worked roughly fourteen hours per day; for a total of approximately eighty-four (84) hours per week.

21.     Upon Plaintiff's recall and recollection, during the off-season, Plaintiff worked approximately ten (10) hours per day; for a total of fifty (50) hours per week.

22.     When Plaintiff worked hours over forty (40) in a given week, Defendants compensated Plaintiff at one and a half times his old rate—twenty-five dollars ($25.00) per hour—resulting in an overtime rate of thirty seven dollars and fifty cents ($37.50) per hour.

23.     However, since Plaintiff's regular rate was actually thirty-two dollars and fifty cents ($32.50) per hour, he was entitled overtime compensation at a rate of forty-eight dollars and seventy-five cents ($48.75) per hour.

24.     Thus, for each hour worked over forty hours in a given week, Plaintiff was compensated eleven dollars and twenty-five cents ($11.25) less than he was entitled to be paid.

25.     Defendant did not utilize a timekeeping device at the workplace to track hours worked by Plaintiff.

26.     Defendant knowingly and willfully operated business with a policy of not paying Plaintiff wages for hours worked over forty (40) hours in a workweek at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

27.     At all relevant times, upon information and belief, and during Plaintiff's employment, the Defendant failed to maintain accurate and sufficient time records.

28. Defendant did not provide Plaintiff with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

29. Upon information and belief, this was done to disguise the actual number of hours the Plaintiff worked and to avoid paying the overtime wage for all hours worked over forty (40) hours in a workweek.

30. Defendant willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

*Facts Related to Plaintiff's Sick Leave Claim*

31. Upon Plaintiff's recall and recollection, the week of November 15, 2021, Plaintiff took one week of sick leave.

32. Defendant did not compensate Plaintiff for sick leave as mandated by the NYLL.

*Facts Related to Plaintiff's Retaliation Claim*

33. Upon Plaintiff's recall and recollection, in May 2022, he complained to Defendant about Defendant's failure to compensate Plaintiff his sick leave pay.

34. Defendant refused to provide him any of the sick pay.

35. Upon Plaintiff's recall and recollection, Defendant constructively terminated Plaintiff by giving him an ultimatum: keep working without receiving the compensation or quit.

36. Plaintiff has been substantially damaged by the Defendant' wrongful conduct.

## COUNT 1
### [Violation of the Fair Labor Standards Act]

37. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "36" of this Complaint as if fully set forth herein.

38. At all relevant times, upon information and belief, Defendant was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

40. Upon information and belief, at all relevant times, Defendant has/have had gross revenues in excess of $500,000.

41. Plaintiff was entitled to be paid for all hours worked over forty (40) hours in a workweek at the overtime wage rate as provided for in the FLSA.

42. Defendant failed to pay Plaintiff compensation in the lawful amount for all hours worked over forty (40) hours in a workweek as provided for in the FLSA.

43. At all relevant times, each of the Defendant had, and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

44. Defendant knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime wage rate when Defendant knew or should have known such was due that non-payment of a overtime rate would financially injure Plaintiff.

45. Defendant have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

46. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47. Defendant failed to properly disclose or apprise Plaintiff of the rights under the FLSA.

48. As a direct and proximate result of Defendant' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages under the FLSA.

49. Due to the intentional, willful, and unlawful acts of the Defendant, Plaintiff suffered damages in and entitled to an award of an amount not presently ascertainable of unpaid wages at the overtime wage rate and an equal amount as liquidated damages, and prejudgment interest thereon.

Plaintiff is entitled to an award of its reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2
### [ Wage Violations of the New York Labor Laws]

50. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "49" of this Complaint as if fully set forth herein.

51. The wage provisions of the NYLL apply to Defendant and protect the Plaintiff.

52. Defendant, pursuant to policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiff for all hours worked over forty (40) hours in week.

53. By failing to compensate Plaintiff a wage for all hours worked over forty (40) hours in a workweek at the overtime wage rate, Defendant violated Plaintiff's statutory rights under the NYLL.

54. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

55. Therefore, Defendant knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff compensation for all hours worked over forty (40) hours in a workweek at the overtime wage rate.

56. Due to the Defendant' NYLL violations, Plaintiff is entitled to recover from Defendant unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and§ 198.

57. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

## COUNT 3
### [Sick Leave Violations of the NYLL]

58. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "57" of this Complaint as if fully set forth herein.

59. NYLL § 196-b(1)(b) provides "[f]or employers with between five and ninety-nine employees in any calendar year, each employee shall be provided with up to forty hours of paid sick leave in each calendar year…."

60. By failing to provide Plaintiff with paid sick leave, Defendant violated Plaintiff's statutory rights under the NYLL.

61. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

62. Due to the Defendant' NYLL violations, Plaintiff is entitled to recover from Defendant unpaid wages for sick leave, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and§ 198.

63. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

## COUNT 4
### [Retaliation]

64. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1"-"60".

65. Pursuant to NYLL § 215(1)(a) "[n]o employer or his or her agent… or any other person, shall discharge… any employee [] because such employee has made a complaint to his or her employer… that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter…."

66. By discharging Plaintiff immediately after Plaintiff complained about non-payment of sick leave, he was entitled to under NYLL § 196-b(1)(b), Defendant violated NYLL § 215(1)(a).

67. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

68. Due to Defendant's willful violations, Plaintiff is entitled to recover from Defendant, lost wages due to his wrongful termination pursuant to NYLL § 215.

69. Plaintiff also seeks front pay pursuant to NYLL § 215.

70. Plaintiff also seeks reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198.

71. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

## COUNT 5
### [Failure to provide a Wage Notice]

72. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "68" of this Complaint as if fully set forth herein.

73. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular payday.

74. Defendant has/have willfully failed to supply Plaintiff with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

75. Through their knowing or intentional failure to provide the Plaintiff with the wage notice required by the NYLL, Defendant willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

76. Due to Defendant' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendant failed to provide Plaintiff with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 6
### [Failure to provide Wage Statements]

77. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "73" of this Complaint as if fully set forth herein.

78. Defendant has/have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3).

79. Through knowingly or intentionally failing to provide the Plaintiff with an accurate wage statement as required by the NYLL, Defendant willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

80. Due to Defendant' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant

failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that this Court grant the following relief:

(a) An award of unpaid wages at the overtime wage rate due under the FLSA;

(b) An award of liquidated damages as a result of Defendant' failure to pay wages at the overtime wage rate pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages at the overtime wage rate under the NYLL;

(d) An award of liquidated damages and statutory penalties as a result of Defendant' failure to pay wages at the overtime wage rate, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(e) An award of lost wages for retaliatory termination under NYLL § 215 and FLSA §215.

(f) An award of front pay for retaliatory termination under NYLL § 215.

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(i) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
May 25, 2022

Respectfully submitted

By: *Lawrence Spasojevich*
Lawrence Spasojevich (LS 0945)