UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JUAN ANTONIO ILAGORRE,

                                             Plaintiff,

          -against-

LT BURGER, INC.,

                                             Defendant.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-3107 (JMA) (JMW)

**AZRACK, United States District Judge:**

Before the Court is Plaintiff Juan Antonio Ilagorre's motion for a default judgment against his prior employer[1], Defendant LT Burger, Inc. (ECF No. 9.) Plaintiff alleges that Defendant failed, for the entirety of Plaintiff's employment, to: (i) pay overtime wages in violation of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and New York Labor Law ("NYLL") §§ 650 et seq.; (ii) provide Plaintiff with wage notices and wage statements as required by NYLL §§ 195(1) and 195(3), respectively; and (iii) provide Plaintiff with paid sick leave as required by NYLL § 196-b(1)(b). Plaintiff further alleges that Defendant (iv) retaliated against Plaintiff by discharging him after Plaintiff complained about the alleged deprivation of paid sick leave, in violation of NYLL § 215(1)(a). For the following reasons, Plaintiff's motion is GRANTED.

## I.    DISCUSSION

### A.    Defendant Defaulted

Defendant was properly served with a summons and the complaint, but has not answered, filed an appearance, or otherwise defended this action. As a result, the Clerk of Court properly entered a certificate of Defendant's default on November 21, 2022. (ECF No. 7.)

---

[1] According to the Complaint's well-pled allegations, which the Court accepts as true, Defendant employed Plaintiff as a line cook from 2011 until on or about May 1, 2022. (See Complaint ("Compl."), ECF No. 1, ¶¶ 12, 18.)

**B.**   **Liability**

When a defendant defaults, the Court is required to accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).  However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law.  Id.

The Court finds that the Complaint's well-pleaded allegations meet the jurisdictional prerequisites of the relevant FLSA and NYLL provisions.  See 29 U.S.C. § 207(a)(1); NYLL §§ 2, 190 to 199-A; see also Guerrero v. Danny's Furniture Inc., No. 19-cv-7284, 2021 WL 4155124, at *2 (S.D.N.Y. Sept. 13, 2021).  The Court further finds that the allegations in the Complaint establish violations of the overtime provisions of the FLSA, see 29 U.S.C. §§ 207(a)(1), and of the overtime, wage notice, wage statement, paid sick leave, and retaliation provisions of the NYLL, see NYLL §§ 190 to 199-A, 215, 650, 652(1), 663, 195(1), 195(3); see also Guerrero, 2021 WL 4155124, at *2.

**C.**   **Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'"  Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

In his default judgment motion, Plaintiff seeks recovery of (i) unpaid overtime wages, (ii)

unpaid lost wages; (iii) unpaid sick leave; (iv) prejudgment interest; (v) liquidated damages on his unpaid overtime wages; and (vi) statutory damages for his NYLL wage notice and wage statement claims. The Court finds that Plaintiff's submissions, including the declarations and attached exhibits, establish the following damages under the NYLL[2] to a reasonable certainty:

- $126,506.24 in unpaid overtime wages under the NYLL, plus prejudgment interest at a 9% annual rate, calculated from September 2, 2016, the midpoint of Plaintiff's employment, through today's date[3];

- $126,506.24 in liquidated damages under the NYLL;

- $5,000.00 for violation of NYLL § 195(1);

- $5,000.00 for violation of NYLL § 195(3);

- $1,300 for unpaid sick leave under the NYLL[4]; and

- $9,084.60 for retaliatory lost wages under the NYLL[5].

---

[2] The Court will award damages under the NYLL rather than under the FLSA, as the NYLL allows for greater recovery. The NYLL, unlike the FLSA, "allow[s] for recovery of unpaid wages at 'the agreed-upon rate, even if it exceeds the minimum wage.'" Shetty v. SG Blocks, Inc., No. 20-cv-550, 2020 WL 3183779, at *5 (E.D.N.Y. June 15, 2020) (quoting Kernes v. Global Structures, LLC, No. 15-cv-659, 2016 WL 880199, at *3 (S.D.N.Y. Mar. 1, 2016)); see also Cavalotti v. Daddyo's BBQ, Inc., No. 15-cv-6469, 2018 WL 5456654, at *13-15 (E.D.N.Y. Sept. 8, 2018) (collecting cases), report and recommendation adopted, (E.D.N.Y. Sept. 25, 2018).

[3] Under the NYLL, employees may recover prejudgment interest with respect to unpaid overtime and back wages, but not with respect to liquidated damages or violations of the wage statement or wage notice provisions. NYLL § 198(1-a); see also Teofilo v. Real Thai Cuisine Inc., No. 18-cv-7238, 2021 WL 22716, at *4 (S.D.N.Y. Jan. 4, 2021) (awarding prejudgment interest on unpaid wages, but not on liquidated damages or damages for wage statement and wage notice violations, at 9% annual rate from midpoint of plaintiff's employment through date of judgment).

[4] Under NYLL §§ 196-b(1)(b), "employers with between five and ninety-nine employees in any calendar year" must provide each employee "with up to forty hours of paid sick leave in each calendar year…." Here, Plaintiff has adequately alleged that he took sick leave for the entire week of November 15, 2021, but Defendant refused to compensate him for that week. (See Compl. ¶¶ 31-32.) Accordingly, the Court concludes that Defendant is liable to Plaintiff for one week's worth of unpaid sick leave.

[5] Under NYLL §§ 215(1)(a), an employer is prohibited from discharging an employee because that employee "has made a complaint to his or her employer… that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter…." Plaintiff has again adequately alleged that, in or about May 2022, he complained to Defendant about the non-payment of his sick leave, which Plaintiff

D. **Attorneys' Fees and Costs**

Finally, Plaintiff seeks leave to file a petition for attorneys' fees and costs. The Court grants this request and directs Plaintiff to file such a petition within 30 days of today's date.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is GRANTED. The Clerk of Court is respectfully directed to prepare a judgment reflecting the Court's holding and setting forth Plaintiff's damages as follows:

- $126,506.24 in unpaid overtime wages under the NYLL, with 9% prejudgment interest accruing from September 2, 2016;

- $126,506.24 in liquidated damages under the NYLL;

- $10,000.00 for Defendant's violation of NYLL §§ 195(1), (3);

- $1,300 for unpaid sick leave under the NYLL; and

- $9,084.60 for retaliatory lost wages under the NYLL.

If any amounts remain unpaid upon the expiration of 90 days following issuance of judgment, or 90 days after the expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by 15%. NYLL § 198(4).

---

reasonably believed he was entitled to under the NYLL. (See Compl. ¶ 33.) Immediately in response, Defendant not only refused to compensate Plaintiff for the November 2021 sick leave but gave Plaintiff an ultimatum: keep working without receiving the compensation or quit. (Id. ¶¶ 34-35.) In response to the ultimatum, Plaintiff's employment terminated on or about May 1, 2022, and he remained unemployed for three (3) weeks before obtaining gainful employment. (See Plaintiff's Declaration, ECF No. 9-6, ¶¶ 3, 20-22.) Accordingly, the Court finds that Plaintiff has adequately alleged that Defendant retaliated against him and concludes that Defendant is liable to Plaintiff for three weeks' worth of lost salary. See, e.g., Belizaire v. RAV Investigative and Sec. Services Ltd., 61 F. Supp. 3d 336, 363 (S.D.N.Y. 2014) (awarding plaintiff requested post-retaliatory termination back pay for time between plaintiff's termination and next job, based primarily on defendant's failure to appear in the action); Copantitla v. Fiskardo Estiatorio Inc., 788 F. Supp. 2d 253, 302 (S.D.N.Y. 2011) (recognizing that to state a claim for retaliation under NYLL § 215, a plaintiff must allege that "while employed by the defendant, [he] made a complaint about the employer's violation of [NYLL] and, as a result, was terminated or otherwise penalized, discriminated against, or subjected to an adverse employment action").

Plaintiff is also awarded post-judgment interest at the statutorily prescribed federal rate, see 28 U.S.C. § 1961.

Plaintiff shall file his petition for attorneys' fees and costs within 30 days of today's date.

Plaintiff's counsel is directed to serve a copy of this Order and the Clerk's judgment on Defendant and file proof of service on the docket.

**SO ORDERED.**

Dated: July 13, 2023
Central Islip, New York

                  /s/   (JMA)
                  JOAN M. AZRACK
                  UNITED STATES DISTRICT JUDGE